UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE K. TRAMMELL, III, FATHER, Individually,
and as Parent, *Guardian And Next Friend of M■ Doe,
a *Minor *Child, Individually, and on Behalf of; [04]
Other; *Minor[s]; SEDITIOUSLY, SIMILARLY
SITUATED, (via) {PROHIBITED}, *Organized,
*STILL, *CONTINUING; *PROSCRIBED; "FELONY,
"CONFEDERATE, "FRAUDULENT "CONVEYANCE,

                              Plaintiff[s]',
                                                                                  5:13-CV-771
v.                                                                                    (DNH/TWD)

STATE OF DELAWARE, et al.,

                              Defendants.
_____

APPEARANCES:

GEORGE K. TRAMMELL, III
Plaintiff *pro se*
02 East 127th Street
Apartment 5E
Manhattan, NY 10035-1231

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

    *Pro se* Plaintiff, George K. Trammell, III, has brought suit against seventy-eight Defendants. Although the Plaintiff's Complaint is largely unintelligible, it is clear that the action arises out of his dissatisfaction with a ruling of the State of Delaware Chancery Court that resulted in the loss of what he describes as his family home.[1] (*See generally* Dkt. No. 1.)

---

[1] This is by no means Plaintiff's first federal lawsuit challenging state court proceedings. The Third Circuit noted in its Opinion in *In re Trammel*, 467 F. App'x 157, 158 n. 1 (3d Cir. 2012), that "Trammell has filed numerous federal complaints, most of which are nearly indecipherable and concern state litigation over his father's estate." The Court noted that

Included among the Defendants are United States Supreme Court Justice Sonia Sotomayor; Vice-President Joseph R. Biden, Jr., Dr. Jill Biden, and Joseph R. Beau Biden III; members of the United States Congress, including Sen. Charles Schumer, Sen. Kirsten Gillibrand, Speaker of the House John Boehner, and Congressman John Dingell; the United States Department of Justice and FBI Director Robert Mueller, III; the States of Delaware and Maryland; the Delaware State Legislature and a number of its members; the Delaware Secretary of State; the Delaware Supreme Court, Delaware Court of Chancery, Delaware Court of Chancery Vice Chancellor Samuel L. Glasscock III, and various Delaware court officials; members of the Delaware State Police; New York Governor Andrew M. Cuomo; and Nancy Grace and Scott Pelley. *Id*. at 1-2.

Presently before me is Plaintiff's *pro se* Complaint and his application to proceed *in forma pauperis*. (Dkt. Nos. 1-2.) For the reasons discussed below, I grant Plaintiff's application to proceed *in forma pauperis* and recommend that the Court *sua sponte* dismiss Plaintiff's Complaint without leave to amend.

I.  **PLAINTIFF'S COMPLAINT**

Plaintiff's Complaint is largely devoid of allegations of fact with regard to the seventy-eight Defendants he has named.[2] I have, however, been able to glean from the Complaint that

---

Plaintiff's federal court petition for a writ of mandamus preventing state court proceedings relating to the sale of the home in that case appeared to "stem from a decision of the Delaware Court of Chancery to remove him from his position as the administrator of his late father's estate." According to Trammell, "[the] decision resulted in the forced auction of his home." *Id*. at 157.

[2] Plaintiff's Complaint consists of forty-seven pages of largely random words strung together in disjointed fashion. The Complaint begins:

> {Hate Crime}; *PRELIMINARY STATEMENT* {Hate Crime};
> PLEASE BE LEGALLY / LAWFULLY; MANIFESTLY -

2

Plaintiff claims that Defendant Samuel L. Glasscock, III ("Glasscock"), a Vice Chancellor in the Delaware State Court of Chancery, Sussex County ("Court of Chancery"), held a hearing on January 25, 2012, in an action entitled *Trammell v. Trammell,* which resulted in the allegedly unconstitutional sale of Plaintiff's family home. *Id*. at 5-7, 22-23. The gist of Plaintiff's claim against the Court of Chancery and Glasscock is that because Plaintiff had removed the state court action to the United States District Court for the District of Delaware, Civil Action No. 12-00014 RGA,[3] on January 5, 2012, Glasscock had no subject matter jurisdiction when he issued a January 25, 2012, Decree in Partition and Order for Sale of Lands by Trustee ("Partition Decree") that resulted in the sale of Plaintiff's family home.[4] (Dkt. No. 1 at 5-7, 12-13.)

> ADVISED; This is An: *UNGODLY - {CASE}, OF; IMMEDIATE PUBLIC IMPORTANCE; The Mere INCONTROVERTIBLE; *UNCONSTITUTIONAL; FACT; OF; FELONY - TORTFEASORS / FELONY - FRAUDFEASORS DEFENDANT[S]', PROHIBITED, STILL UNLAWFULLY - *CONTINUING, "VILE, PREMEDITATED, *COLLUDED, "ILLEGAL *CONFEDERATE Pre - Jim Crow, / The New Jim Crow; SEDITIOUS, - PROSCRIBED, PERPETRATION, That The State of Delaware "RRACIST (sic), "SUSSEX COUNTY, CHANCERY COURT, And it'[s], IMMEDIATELY / INSTANTLY; *FEDERALLY INDICTABLE; vice chancellor; Are ABOVE; *UNITED STATES* COURT'[S], CONSTITUTIONAL; *FEDERAL *QUESTION OFFICIAL, *FEDERAL *REMOVAL ACTION[S]; . . .

(Dkt. No. 1 at 10.) The Complaint becomes no less incomprehensible as it goes on in a single, un-numbered paragraph for in excess of forty more pages.

---

[3] Documents filed in the United States District Court for the District of Delaware in *Kermick B. Trammell v. George K. Trammell*, 1:12-cv-00014 RGA, are identified herein by reference to the District of Delaware civil case number assigned to the case.

[4] In deciding whether a complaint states a claim, "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner*

3

According to Plaintiff, the home that was wrongfully taken from him was then unlawfully deeded to Robert and Valery Coleman. *Id*. at 25. Although the Colemans are not named as defendants in this litigation, they are identified in the Complaint as future defendants. *Id*.

Plaintiff has alleged "racial injustice" in violation of 42 U.S.C. §§ 1981 and 1985 in his Complaint.[5] *Id*. at 16. Because Plaintiff has also made reference to due process and equal protection in connection with the ordered partition and sale of his family home, I have liberally construed his Complaint as an attempt to assert a civil rights claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process and equal protection as well. *Id*. at 7.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this standard. Therefore, Plaintiff's application to

---

*Inc*., 937 F.2d 767, 774 (2d Cir. 1991). Documents filed by Plaintiff in the United States District Court for the District of Delaware in *Kermick B. Trammell v. George K. Trammell*, 1:12-cv-00014 RGA, reveal that on January 5, 2012, Plaintiff filed a Notice of Removal of a partition proceeding commenced against Plaintiff by his brother Kermick Trammell in the Chancery Court in June of 2011. (1:12-cv-00014 RGA, Dkt. No. 2.) The petition sought the partition of real property the Trammell brothers had inherited from their father and owned as co-tenants in common. (1:12-cv-00014 RGA, Dkt. No. 2 at 18.) The District Court issued an order remanding the proceeding to the Chancery Court for the State of Delaware on January 23, 2010, two days before the state court hearing referred to in Plaintiff's Complaint in this action. (1:12-cv-00014 RGA, Dkt. No. 7.) The January 25, 2012 hearing referenced by Plaintiff in his Complaint appears to have resulted in the issuance of a Decree in Partition and Order for Sale of Lands by Trustee in the Delaware State Chancery Court on January 25, 2012. (1:12-cv-00014 RGA, Dkt. No. 9.)

[5] Plaintiff has described himself as "African American," and used the words "racist," "slavery," "Jim-Crow," "colluded," and "conspiracy" in his Complaint, presumably in support of his §§ 1981 and 1985 claims. (*See, e.g.*, Dkt. No. 1, 5-7.)

proceed *in forma pauperis* (Dkt. No. 2) is granted.

III.     **LEGAL STANDARD FOR REVIEW OF THE COMPLAINT**

28 U.S.C. § 1915(e) directs that when a plaintiff is permitted to proceed *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

5

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest.[6] *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### III. ANALYSIS

#### A. The *Rooker-Feldman* Doctrine

Plaintiff's claims fall squarely within the *Rooker-Feldman* doctrine which provides that

---

[6] The policy requiring the liberal construction of *pro se* complaints does not "mandate that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable." *Barsella v. U.S.*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991).

federal district courts may not sit in direct review of state court judgments unless Congress has directly authorized such relief.[7] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). The *Rooker-Feldman* doctrine is not confined to claims seeking direct review of state court judgments but extends to claims that could have been brought in state court and are inextricably intertwined with earlier state court determinations. *See Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004).

Four requirements must be met for the *Rooker-Feldman* doctrine to apply. "First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and brackets omitted). I find that all four requirements are satisfied. First, Plaintiff lost in the state court partition proceeding. (1:12-cv-00014 RGA, Dkt. No. 9.) Second, Plaintiff claims to have lost his family home as a result of the Partition Decree entered in the state court proceeding. (Dkt. No. 1 at 5.) Third, Plaintiff is asking the District Court to enjoin and undo the "ILLEGAL, TOTALLY - "UNCONSTITUTIONAL SALE, OF "PLAINTIFF[S]; HOME." *Id*. at 3, 5. Fourth, this action was commenced well after the Partition Decree was issued by Glasscock in the Court of Chancery. (1:12-cv-00014 RGA, Dkt. No. 9.)

---

[7] Only the Supreme Court is authorized to exercise appellate jurisdiction over state court judgments. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).

In other cases in this District involving due process and discrimination challenges to state court judgments in estate disputes on due process and discrimination grounds, courts have found the actions to be precluded by the *Rooker-Feldman* doctrine. *See Sims v. Nichols*, No. 3:12-CV-0205 (TJM/DEP), 2013 WL 3207252, at *5, 2013 U.S. Dist. LEXIS 188568, at *19 (N.D.N.Y. May 18, 2013) (concluding that plaintiff's due process and discrimination claims, arising out of defendants' alleged conspiracy to deprive him of his inheritance in the administration of his father's estate in New York Surrogate's Court were precluded by the *Rooker-Feldman* doctrine), *Report & Recommendation adopted in relevant part*, 2013 WL 3207129, 2013 U.S. Dist. LEXIS 88242 (N.D.N.Y. June 24, 2013); *Castiglione v. Papa*, No. 1:09-CV-0967 (LEK/DRH), 2010 WL 2044688, at *6-8, 2010 U.S. Dist. LEXIS 51277 (N.D.N.Y. May 24, 2010) (finding that Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, alleging a conspiracy to deprive her of her lawful inheritance, were barred under the *Rooker-Feldman* doctrine where the New York Surrogate's Court had denied her claims challenging the authenticity and accuracy of her father's unsigned will and codicil), *aff'd*, 423 F. App'x 10 (2d. Cir. 2011).

I find that Plaintiff's claims against the Chancery Court and Glasscock are likewise precluded by the *Rooker-Feldman* doctrine, leaving the District Court without subject matter jurisdiction. Furthermore, since Plaintiff's Complaint, to the extent it can be deciphered, focuses entirely on the state court proceeding and the Partition Decree Plaintiff claims led to the loss of his house, the Court lacks subject matter jurisdiction over Plaintiff's entire action under the *Rooker-Feldman* doctrine.

    B.    **Eleventh Amendment**

Even if Plaintiff's claim against the Court of Chancery were not precluded by the *Rooker-*

*Feldman* doctrine, state courts, as state agencies, are immune from suit under the Eleventh Amendment. The Eleventh Amendment of the United States Constitution states that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *Western Mohegan Tribe & Nation v. Orange Cty.*, 395 F.3d 18, 20 (2d Cir. 2004)).

State agencies and departments are entitled to assert Eleventh Amendment immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The immunity has been found to extend to state courts, as well as state court judges sued for money damages in their official capacity. *See Brooks-McCollum v. Delaware,* 213 F. App'x 92, 94 (3d Cir. 2007) (Delaware State Chancery Court has Eleventh Amendment immunity from § 1983 claims), *cert. denied*, 551 U.S. 1114 (2007); *Madden v. Vermont Supreme Court*, 8 F. App'x 128, 129 (2d Cir. 2001) (affirming dismissal of a *pro se* Plaintiff's claim against the Vermont Supreme Court on Eleventh Amendment grounds); *Saint-Fleur v. City of New York*, No. 99 Civ. 10433 WHP AJP, 2000 WL 280328, at *2, 2000 U.S. Dist. LEXIS 8814, at *7 (S.D.N.Y. Mar. 14, 2000) ("State courts, as arms of the State, are entitled to Eleventh Amendment immunity from suit in federal court."); *Sundwall v. Leuba*, 28 F. App'x 11, 12-13 (2d Cir. 2001) (judicial officers sued for money damages in their official capacity are immune from suit under the Eleventh Amendment); *Brown v. City of New York,* 210 F. Supp. 2d 235, 237-38 (S.D.N.Y. 1999) (state court judge was

9

immune from suit for money damages brought against her in her official capacity).

Therefore, I find that the Eleventh Amendment bars Plaintiff's claim against the Court of Chancery and his claim for money damages against Glasscock in his official capacity.[8]

**C.     Judicial Immunity**

Under the Eleventh Amendment, Glasscock is immune only from claims for money damages asserted against him in his official capacity. *See Brown*, 210 F. Supp.2d at 237. However, it is well established that judges are generally accorded absolute immunity from suit for judicial acts performed in their judicial roles.[9] *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction.") (quoting *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)); *see also Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988) ("The principle of judicial immunity is well established."). Judicial immunity "protects judges from civil actions even when they perform acts in excess of their authority, even when such acts

---

[8] The Eleventh Amendment would likewise bar Plaintiff's claims against the States of Delaware and Maryland, and other named Defendants who are state agencies or state actors sued for money damages in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985). Given the absence of factual allegations with respect to most of the Defendants, it is impossible to determine the precise reach of Eleventh Amendment immunity in this case.

[9] Judicial immunity has been found to extend to those "who perform functions closely associated with the judicial process." *Olivia v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (extending judicial immunity to federal judge's law clerk); *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) (extending immunity to state judge's secretary); *Rodriquez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (extending immunity to State Appellate Division and *Pro Se* clerks for actions in managing the court calendar); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) (clerk's acts implementing judicial decisions or performed under the supervision of a judicial officer are covered by judicial immunity), *aff'd,* 434 F. App'x 32 (2d Cir. 2011). Therefore, it is likely that any Defendants who have been named solely by virtue of their actions associated with the Delaware Supreme Court or Chancery Court, would also be entitled to judicial immunity.

are done maliciously or corruptly." *Id*. at 52. Vice Chancellors in the Chancery Court have been found entitled to judicial immunity for judicial acts within their jurisdiction. *See Smith v. Laster*, 787 F. Supp. 2d 315, 319 (D. Del. 2011).

A judge will be subjected to liability "only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation and internal quotation marks omitted); *see also Maestri*, 860 F.2d at 52 ("[w]hen a judge clearly lacks jurisdiction over the subject matter, 'any authority exercised is a usurped authority.'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 351-52 (1871)). Plaintiff claims that the Court of Chancery was without subject matter jurisdiction because Plaintiff had removed the proceeding to federal district court. (Dkt. No. 1 at 29.) However, the proceeding was remanded to the Chancery Court and notice of the remand sent to the Court of Chancery, pursuant to 28 U.S.C. § 1447(c), on January 23, 2012. (1:12-cv-00014-RGA, Dkt. No. 8.) Moreover, the Court of Chancery acknowledged receipt of the notice of remand on January 24, 2012, the day before the January 25, 2012 hearing and issuance of the Partition Decree.[10] *Id*. Therefore, jurisdiction of the proceeding had been returned to the Chancery Court before Glasscock issued the Partition Decree, and I find that he is entitled to judicial immunity with regard to Plaintiff's claims.

**D.     Merits of Plaintiff's Claims**

Even construing Plaintiff's Complaint liberally, as I must, I find that he has failed to set forth any allegations plausibly suggesting a constitutional or federal statutory violation by the

---

[10] The District Court may take judicial notice not only that the case had been remanded to the Chancery Court prior to the January 25, 2012 hearing, but that the Chancery Court acknowledged receipt of the notice of remand on January 24, 2012. *See Kramer*, 937 F.2d at 774.

11

Chancery Court or Glasscock in connection with the issuance of the Partition Decree. Most of the remaining named Defendants are not even mentioned by name in the body of the Plaintiff's Complaint.[11] (*See* Dkt. No. 1.) *See McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977) (in the Second Circuit "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). As to the relatively few Defendants whose names do appear in the body of the Complaint, Plaintiff has failed to plead facts suggesting any culpable wrongdoing by them.[12] *See Ashcroft,* 556 U.S. 678. Therefore, I find that Plaintiff has failed to state a claim for relief against any of the Defendants.

## IV. CONCLUSION

Because this lawsuit is nothing more than an attempt by Plaintiff to seek federal court review of Glasscock's Partition Decree, the Court is without subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See McKithen*, 481 F.3d at 96; *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke*, 490 U.S. at 325). In addition, numerous of the

---

[11] Even if Plaintiff had asserted factual allegations against them, many of the named Defendants would, like Glasscock, be entitled to absolute immunity. To name but a few, Justice Sotomayor would be entitled to judicial immunity, assuming she has been named in her judicial capacity. *See Maestri,* 860 F.2d at 52. Senators Schumer and Gillibrand, Speaker of the House Boehner, and Congressman Dingell are immunized from suits for prospective injunctive relief and money damages under the Speech or Debate Clause of the Constitution. *See Supreme Court of Virginia v. Consumers Union of U.S., Inc*., 446 U.S. 719, 731-32 (1980). The members of the Delaware State Legislature who have been sued in their individual capacity are entitled to absolute legislative immunity for actions taken "in the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

[12] Most of the Defendants whose names are found in the body of the Complaint appear to have been named solely for the purpose of providing guidance for service of process on them. (Dkt. No. 1 at 40-46.)

Defendants are entitled to Eleventh Amendment and/or judicial immunity from Plaintiff's claims. Furthermore, even a "liberal reading of the complaint gives [no] indication that a valid claim may be stated," *Andersen v. Young & Rubicam Adver.*, 487 F. App'x 675, 676 (2d Cir. 2012), and, in fact, reveals that Plaintiff's Complaint lacks any basis in fact or law. Given the foregoing, I find that the Complaint is frivolous pursuant to 28 U.S.C. 1915(e)(2)(B) and recommend dismissal. *See Banks-Gervais v. I.R.S.*, No. 12-cv-4300 (JG) (RER), 2012 WL 5504883, at *1-2, 2012 U.S. Dist. LEXIS 162130, at *4 (E.D.N.Y. Nov. 13, 2012) (*in forma pauperis* complaint dismissed where the allegations were largely incomprehensible and, "the allegations that [we]re comprehensible [we]re frivolous.")

I am keenly aware that generally when a *pro se* action is dismissed *sua sponte*, the plaintiff should ordinarily be allowed to amend his or her complaint. *See Gomez*, 171 F.3d at 795. However, the Court is not required to grant leave to amend where it appears that amendment would prove to be unproductive or futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also Cuoco,* 222 F.3d at 112 (repleading would be futile where claims fail as a matter of law for lack of subject matter jurisdiction); *Sims,* 2013 WL 3207252, at *14 (recommending *sua sponte* dismissal without leave to amend pursuant to 28 U.S.C. § 1915(e) where the principal deficiency in plaintiff's complaint was that the court lacked jurisdiction to hear plaintiff's federal claims, a defect that could not be cured by better pleading); *Banks v. Constantine*, No. 12-CV-3239 (JG)(RER), 2012 WL 2803616, at *2, 2012 U.S. Dist. LEXIS 95321, at *4 (E.D.N.Y. Jul. 10, 2012) ("Because the defects in subject-matter jurisdiction do not appear to be curable, the complaint is dismissed without leave to amend.").

Here, Plaintiff has asserted claims over which the Court may not exercise subject matter

jurisdiction; has sued numerous Defendants who are immune; and has failed to allege facts asserting a facially plausible claim against any of the Defendants. Given the foregoing, I recommend that Plaintiff's Complaint be dismissed without leave to amend.[13]

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety without leave to amend; and it is further

**ORDERED** that the Clerk's Office provide Plaintiff with copies of all unpublished decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

---

[13] Even if Plaintiff were granted leave to amend, he would almost certainly face insurmountable personal jurisdiction and venue challenges going forward given that his claims arose in the State of Delaware, the majority of Defendants appear to be Delaware residents and governmental entities, and the Complaint reveals no connection whatsoever between the Defendants and the Plaintiff's claims, on the one hand, and the Northern District of New York, on the other. *See Doe v. City of New York*, 583 F. Supp. 2d 444, 447 (S.D.N.Y. 2008) (in a civil rights action, a federal court sitting in New York must apply the New York long-arm statutes in determining whether there is personal jurisdiction over a non-domiciliary defendant); *see also* 28 U.S.C. § 1391(b) (providing that an action brought pursuant to the court's federal question jurisdiction may be brought only in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant can be found, if there is no district in which the action may otherwise be brought.").

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 12, 2013
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge